[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10479
Non-Argument Calendar

_____

D. C. Docket No. 06-20490-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAMELA BROWNLEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 28, 2007)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

On August 24, 2006, Pamela Brownlee was indicted in Count 1 for

conspiracy to possess with intent to distribute five or more grams of cocaine base and in Counts 2, 3, and 4 with three substantive offenses of distribution of cocaine base. On October 12, 2006, pursuant to a plea agreement, she pled guilty to the four counts and the district court, on December 19, 2006, sentenced her as a career criminal to concurrent prison terms of 188 months.[1] She now appeals, contending that her sentences are unreasonable because the district court superficially evaluated the 18 U.S.C. § 3553(a) sentencing factors, ignored her background and personal characteristics, and created an unwarranted sentencing disparity.

We review a defendant's sentence for reasonableness. United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005); United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). After Booker, sentencing requires that the district court take two steps: first, the court must correctly calculate the guideline sentence range; second, the court must consider the factors listed in 18 U.S.C. § 3553(a) in arriving at a reasonable sentence. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Brownlee does not challenge the calculation of the sentence range here. Rather, she contends only that her sentences are substantively unreasonable.

---

[1] The Guidelines sentence range for the offenses – at a total offense level of 31 and a criminal history category of VI – called for an imprisonment range of 188 to 235 months. The court sentenced Brownlee to terms at the bottom of that range.

2

Our reasonableness review is deferential, and requires us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in [§] 3553(a)." Talley, 431 F.3d at 788. The party challenging the sentence "bears the burden of establishing that the sentence was unreasonable in light of [the] record and the factors in section 3553(a)." Id.

As noted above, in arriving at a reasonable sentence, the district court is required to consider the factors set out in 18 U.S.C. § 3553(a):

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. at 786 (citing 18 U.S.C. § 3553(a)). The court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of factors two through five listed above. 18 U.S.C. § 3553(a). It is sufficient for the court to acknowledge that it has considered the § 3553(a) factors, but it need not explicitly discuss each of them. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). A within-guideline-range sentence may ordinarily be expected to be reasonable, but it is not reasonable per se. Talley, 431 F.3d at 786-88.

3

Here, the district court imposed sentences at the low-end of the guideline range; hence, the expectation that such sentences are reasonable. The court stated that it had considered the factors in § 3553(a), and there is nothing in the record to indicate that the court superficially did so or treated the Guidelines as presumptively reasonable. In addition, the court stated that it had expressly considered the information contained in the presentence investigation report. The court also considered the role of both Brownlee and her co-conspirator, and there is not enough information in the record to support her contention that the court created an unwarranted sentencing disparity. Furthermore, the court's sentences are supported by Brownlee's direct participation in all three substantive counts and her extensive criminal history involving similar conduct. For these reasons, Brownlee has not met her burden of establishing that her sentences at the low end of the guideline range are unreasonable.

AFFIRMED.